THE STATE, *Appellant*, v. O'BRIAN.

The Cass County Probate and Criminal Court never had any existence. There could not, therefore, be a judge of such court either *de jure* or *de facto*. An indictment presented to a person assuming to act as such judge is *coram non judice* and void, (following *Ex parte Snyder*, 64 Mo. 59).

*Appeal from Johnson Criminal Court.*—HON. WM. H. H. HILL, Judge.

At the August term, 1875, of the Cass county probate and criminal court, the defendant was indicted for grand larceny.   On his application the venue of the cause was changed to the criminal court of the sixth judicial circuit and the county of Johnson, within and for Johnson county. At the December term, 1875, of said last mentioned court, the defendant demurred to said indictment, alleging as cause of demurrer, that " the criminal and probate court of Cass county, in which said indictment was found, is unauthorized by law, and has no legal existence, and all its proceedings, whereby said indictment was presented, are null and void."   The court below sustained this demurrer and the case is brought here, by the State, by appeal.

*J. L. Smith,* Attorney-General, for the State.

*Adams & Sherlock* for respondent.

Henry, J.—The questions presented for determination by this record are identical with those involved in the case of *Ex parte Babe Snyder,* 64 Mo. 59.   That was, as this is, a criminal cause, and the party who was serving out a term in the penitentiary under a sentence of the court, instituted proceedings in order to get relief, directly questioning the existence of the court.   We held that, as there never was such a court established in Cass county, there could not be a judge of such court either *de jure* or *de facto.*   The doctrine held by the court in the Snyder case is decisive of this, and the judgment of the criminal court quashing the indictment is affirmed.   All concur.

AFFIRMED.